IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RODNEY BERNARD SMITH, 1175224,** § | | |
| Petitioner, § | | |
| § | | |
| V. § | NO. 3:07-CV-1597-O | |
| § | ECF | |
| **NATHANIEL QUARTERMAN, Director** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

On June 12, 2003, Petitioner was convicted of burglary of a building and was sentenced to fifteen years confinement. *State v. Smith*, No. F-0252734-QU (291st Jud. Dist. Ct., Dallas County, Tex., June 12, 2003). On July 7, 2005, the Fifth District Court of Appeals affirmed the conviction. *Smith v. State*, No. 05-03-00920-CR (Tex. App. – Dallas, July 7, 2005, pet. ref'd). On February 8, 2006, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. *In re Smith*, PDR No. 1050-05.

On February 28, 2007, Petitioner filed a state petition for writ of habeas corpus. *Ex parte*

*Smith*, Application No. 67,652-01. On August 22, 2007, the Court of Appeals denied the petition without written order on the findings of the trial court. *Id*. at cover.

On September 20, 2007, Petitioner filed this federal petition. He argues:

(1) He was denied his Sixth Amendment right to hire the attorney of his choice;

(2) He received ineffective assistance of counsel because counsel

    (a) failed to call any witnesses to testify;

    (b) failed to develop a defense;

    (c) failed to interview witnesses;

    (d) failed to object to unqualified experts;

    (e) failed to hire an expert witness;

    (f) allowed evidentiary rules to be violated;

    (g) allowed fingerprint evidence to be used against him; and

    (h) "overlooked" pre-trial motions;

(3) The trial court abused its discretion when it:

    (a) allowed fingerprint evidence and testimony to be used at trial;

    (b) granted a continuance of only twenty-four hours; and

    (c) denied Petitioner's motion for evidentiary hearing;

(4) There was no evidence placing Petitioner at the crime scene.

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> Someone burglarized an office and engineering facility owned by the Northrop Grumman Corporation. After throwing a manhole cover through a window to enter the

building, the burglar forced open several interior doors and stole a television, videocassette recorder, laptop computers, and military night vision equipment. Complainant Kevin Mobley, a Northrop Grumman manager, testified the stolen property was worth $30,000 and the burglar did $8,000 in damage to the building.

Police technician Abe Daniel Santiago recovered a partial fingerprint from the glass door of a conference room cabinet where the television had been kept. The fingerprint was fresh because a cleaning crew wipes down the conference room's surfaces every week. Santiago ran the fingerprint through a computerized fingerprint comparison machine known as Automatic Fingerprint Identification System or AFIS. The AFIS compared the partial fingerprint to fingerprints of persons in the system. The AFIS was set to produce the twenty most likely fingerprint matches ranked in order of their likelihood. The AFIS selected appellant's fingerprint as the most likely match. Mobley testified appellant was never employed by Northrop Grumman nor had appellant ever worked on the building's cleaning crew to the best of Mobley's knowledge.

Patrick Genovese testified he is an AFIS detective and fingerprint examiner with the Dallas Police Department. Genovese testified he had been employed as a fingerprint examiner for sixteen years, he had over 600 hours of training in fingerprint comparisons with several law enforcement organizations, and he had made thousands of fingerprint comparisons in his career. Genovese described the science of fingerprinting for the jury. Genovese then testified he had compared the latent fingerprint Santiago found at the crime scene to fingerprints he took from appellant. Genovese opined appellant's fingerprints positively matched the latent fingerprint to the exclusion of all others. A second fingerprint examiner, Shari Degan, a detective assigned to the AFIS unit with fifteen years experience in making fingerprint comparisons, also had no doubt that the latent fingerprint matched appellant's fingerprint.

After identifying appellant as the suspect, Dallas police searched the residence of Annette Benedetto, appellant's girlfriend, but did not find any stolen property. During the trial, Benedetto testified appellant spent the entire night of the burglary at her residence. Benedetto testified that shortly before his arrest, appellant had borrowed $500 or $600 from her. Benedetto testified that on the night he was arrested, appellant had placed a black trash bag in the trunk of her car. On the following day, police officers arrested appellant and received Benedetto's permission to search her car. Inside the black trash bag, the officers discovered the night vision equipment stolen in the Northrop Grumman burglary.

*Smith v. State*, No. 05-03-00920-CR, slip op. at 2-3.

### III. Discussion

**1.     Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>    (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh*, 521 U.S. at 336. The petition in this case is subject to review under the AEDPA.

Additionally, under 28 U.S.C. § 2254(d), a presumption of correctness must be accorded findings of fact made by a state habeas court if supported by the record. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citation omitted).

**2.      Denied Counsel of Choice/Motion for Continuance**

Petitioner argues the trial court violated his Sixth Amendment rights when it denied him the counsel of his choice, and when it granted a continuance of less than twenty-four hours. On the day of trial, defense counsel requested a continuance and Petitioner requested new counsel. Petitioner states he wanted to hire retained counsel. The court denied Petitioner's motion for new counsel and granted a continuance of the trial until the next day.

Criminal defendants have a "qualified right to retain counsel of the defendant's own choosing. The right [however] is not absolute." *Newton v. Dretke*, 371 F.3d 250, 255 (5th Cir. 2004). In evaluating a claim, the court should look at: (1) the length of the requested delay; (2) whether the lead counsel has an associate who is adequately prepared to try the case; (3) whether other continuance requests have been granted; (4) the balance of convenience or inconvenience to litigants, witnesses, opposing counsel and the court; (5) whether the requested delay is for a legitimate reason, or whether it is dilatory and contrived; and (6) whether there are other unique factors present. *Newton*, 371 F.3d at 255 (citing *Gandy v. Alabama*, 569 F.2d 1318, 1324 (5th Cir. 1978)).

In this case, Petitioner did not state the length of continuance he would need to hire retained counsel and to have that counsel prepared for trial. The record shows that the state's witnesses were present for trial, and that they testified at trial. Additionally, the state appellate court found:

> The trial court's docket sheet shows trial counsel was appointed to represent appellant on September 10, 2002. Appellant came before the trial court for a February 28, 2003 bond hearing and a May 23, 2003 pretrial hearing. Appellant did not express dissatisfaction with appointed counsel or request permission to hire his own attorney at either hearing.

*Smith v. State*, No. 05-03-00920-CR at 3.

Although Petitioner argues his counsel was unprepared for trial because he did not obtain witnesses to testify for the defense, Petitioner has submitted no affidavits or other evidence that any witness would have testified favorably for the defense had a longer continuance been granted. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings); *see also Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) ("hypothetical or theoretical testimony will not justify the issuance of a writ . . . .").

Further, on the day of trial, defense counsel announced that he was ready for trial. In his affidavit on state habeas review, defense counsel stated "I was afforded enough time to prepare for trial and was ready for trial." (*Ex parte Smith* Supp at 5).

The Court finds the state court's determination that Petitioner is not entitled to relief on these claims is neither contrary to, nor an unreasonable application of, federal law. Petitioner's claims should be denied.

**2.      Sufficiency of the Evidence**

Petitioner argues there was no evidence placing him at the crime scene. Respondent argues this claim is procedurally barred because Petitioner failed to raise this claim in his petition for discretionary review. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his

claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The records reflects that Petitioner raised his insufficiency of the evidence claim on appeal, but he failed to raise the claim in his petition for discretionary review. Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim. The claim cannot be reviewed by a state court because it is too late to file a petition for discretionary review. If this Court were to require Petitioner to return to state court to exhaust this claim, it would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than

not that no reasonable juror would have convicted him in light of the new evidence. *Id*. (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's insufficiency of the evidence claim.

Likewise, Petitioner's claims that he was denied due process when the trial court did not order a hearing on the state's experts' qualifications and that the trial erred when it admitted the fingerprint evidence are procedurally barred. Federal courts may not review a state court decision that rests on an adequate and independent state procedural default, unless the habeas petitioner shows cause for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989).

In this case, Petitioner did not object to the admission of the expert testimony or fingerprint evidence at trial. The state appellate court, and the state habeas court, therefore found the claims procedurally barred. Petitioner has failed to show cause for the default and "prejudice attributable thereto" or demonstrate that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris*, 489 U.S. at 262. These claims should therefore be denied.

**3**.     **Ineffective Assistance of Counsel**

Petitioner claims he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive

Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### (a) Pre-Trial Motions/Fingerprint Evidence

Petitioner argues his counsel was ineffective because he "overlooked" pre-trial motions that were filed. Petitioner states his counsel filed a motion under Texas Rule of Evidence 705(b)[1] which allows defense counsel to conduct voir dire examination of an expert witness prior to that witness testifying at trial. This motion was granted. (Trial Tr. Vol. 2 at 8). Defense counsel, however, did not voir dire the state's expert witnesses regarding the facts or data underlying their opinions.

---

[1] TEX. R. EVID. 705(b) states: Prior to the expert giving the expert's opinion or disclosing the underlying facts or data, a party against whom the opinion is offered upon request in a criminal case shall, or in a civil case may, be permitted to conduct a voir dire examination directed to the underlying facts or data upon which the opinion is based. This examination shall be conducted out of the hearing of the jury.

Petitioner also argues his counsel was ineffective for allowing the fingerprint evidence to be introduced at trial. Petitioner states his counsel should have argued that the state's expert witnesses were unqualified to testify about the fingerprint evidence.

The state called Shari Degan and Patrick Genovese as expert witnesses. Genovese testified that he has worked for the Dallas Police Department for approximately twenty years and that he is an AFIS detective and a fingerprint examiner. (Trial Tr. Vol. 3 at 56-57). He testified that he has been a fingerprint examiner for sixteen years. (*Id*. at 57). He stated he has over 600 hours of additional training with the FBI, the Department of Public Safety, regional schools and the police department. *Id*. Degan testified that she worked for the Dallas Police Department and was assigned to the Crime Scene Response Section, AFIS Unit. (*Id*. at 80). She stated she does the same type of fingerprint analysis as Detective Genovese. *Id*. She also testified that she has fifteen years experience in analyzing fingerprint evidence. *Id*.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), the Supreme Court established a two-prong test to determine whether expert testimony is admissible under Rule 702 of the Federal Rules of Evidence. The testimony must be: (1) based on scientific knowledge; and (2) assist the trier of fact in understanding or determining a fact issue. *Id*. at 592. In *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992), the Court of Criminal Appeals outlined several factors in determining the admissibility of expert testimony under its analogous Rule 702, including: (1) the extent to which the underlying theory and technique are accepted as valid by the scientific community; (2) the qualifications of the testifying expert; (3) the existence of literature either supporting or rejecting the theory and technique; (4) the potential rate of error of the technique; (5) the availability of other experts to test and evaluate

the technique; (6) the clarity with which it can be explained to the court; and (7) the experience and skill of the person who applied the technique in the applicable case.

In this case, the state appellate court found:

> The scientific validity of fingerprint evidence identification has been long-established in the jurisprudence of this State. *See, e.g., Grice v. State*, 142 Tex. Crim. 4, 151 S.W.2d 211, 221 (Tex. Crim. App. 1941). In *Grice*, the court affirmed appellant's burglary conviction based upon a partial fingerprint lifted from a pane of glass. *See id.* A fingerprint examiner may establish his expertise to identify fingerprints through testimony regarding his experience and work history. *See Epps v. State*, 24 S.W.3d 872, 879 (Tex. App. – Corpus Christi 2000, pet. ref'd). In the present case, Genovese and Degan provided sufficient testimony about their experience to qualify as experts.

*Smith v. State*, No. 05-03-00920-CR, at 2. The Court finds the state court's determination that Petitioner is not entitled to relief on these claims is neither contrary to, nor an unreasonable application of, federal law.

Additionally, defense counsel's expert reviewed the fingerprint evidence outside the presence of the jury. (*Ex parte Smith* Supp. at 5). The defense expert determined that the fingerprint found inside the burglarized building matched the Petitioner. (*Id*. at 5-6). Petitioner has therefore failed to establish he was prejudiced by his counsel's performance.

**(b) Defense Witnesses**

Petitioner argues his counsel was ineffective for failing to interview witness, failing to call witnesses for the defense and failing to develop a defense. Petitioner states his attorney "had names of witnesses who could either corroborate my testimony about the facts or at least counter or minimize the inculpatory inferences which could be drawn from the evidence. None were interviewed before the trial. (Pet. Mem. at 27, 34, 30). Petitioner, however, has failed to submit any affidavit or other evidence from any witness that they would have appeared at trial, and that they would have testified favorably for the defense. *See Alexander v. McCotter*, 775 F.2d 595,

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        Page -11-

602 (5th Cir. 1985) ("for the appellant to demonstrate the requisite *Strickland* prejudice, the appellant must show not only that this testimony would have been favorable, but also that the witness would have testified at trial.").

**(c) Binding the Prosecutor to the Rules of Evidence**

Petitioner argues his counsel was ineffective for "not binding [the] Prosecution's case by the rules of Evidence." (Pet. at 7). Petitioner fails to state how his counsel failed to bind the prosecutors to the Rules of Evidence. Petitioner's conclusory claim should be denied.

**(d) Failure to Hire an Expert**

Petitioner argues his counsel was ineffective because he failed to hire an expert witness for the defense. Defense counsel, however, submitted an affidavit on state habeas review stating that he retained an expert and that the expert concluded that the fingerprint found in the burglarized building matched Petitioner. (*Ex parte Smith* Supp. at 5-6). Petitioner's claim should be denied.

**4. Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 16th day of March, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND

# NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).